Stanley J. DRU, Plaintiff–Appellant,

v.

McBRIDE BAKER & COLE, a professional entity in the practice of law; Richard R. Winter, a principal in the named entity Jonathan Strouse, a principal in the entity named, Defendants–Appellees.

No. 06–15976.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2008.

Decided May 1, 2008.

Robert S., Ryan P. Dyches, Esq., Porter Law Firm, Phoenix, AZ, for Plaintiff–Appellant.

James Lawrence Blair, Esq., N. Todd McKay, Esq., Renaud Cook Drury Mesaros, PA, Phoenix, AZ, for Defendants–Appellees.

Before: SCHROEDER, NOONAN, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Stanley J. Dru appeals the district court's dismissal with prejudice of his legal malpractice action for failing to comply with the court's discovery order. This court reviews a district court's dismissal sanction for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). "[W]e will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir.2006) (citation omitted).

Dru filed this action against his former attorneys and their law firm on June 2, 2003. Service was delayed until November 17, 2003; the case was reassigned to a new judge on June 28, 2004, and that judge recused himself four months later. The case was reassigned to Judge Sedwick in October 2004, and the court entered a revised scheduling and planning order in April 2005. Three unsuccessful attempts were made to take Dru's deposition between March 2005 and June 2005. Dru failed to timely respond to requests for documents and interrogatories served on April 1, 2005 and missed his May 27, 2005 expert disclosure deadline.

We do not have a definite and firm conviction that dismissal was clearly outside the acceptable range of sanctions in this case. Dru acknowledges that he failed to submit his expert witness report within the deadline set by the court. He further acknowledges that he subsequently failed to obey the court's order to file a motion explaining his non-compliance and demonstrating good cause for amending the court's discovery schedule. Accordingly, we conclude that the district court did not abuse its discretion in imposing the dismissal sanction.

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.